IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| St. Louis Leased Housing Associates Master Tenant V, LLLP,<br><br>   Plaintiff,<br><br>vs.<br><br>Webster University,<br>Serve: Dr. Elizabeth J. Stroble, Reg. Agent<br>    470 East Lockwood Avenue<br>    St. Louis, MO 63119<br><br>   Defendant. | Case No.: _____ |

## COMPLAINT

COMES NOW, Plaintiff St. Louis Leased Housing Associates Master Tenant V, LLLP ("Plaintiff"), and as and for its Complaint against Defendant Webster University ("Webster"), states and alleges as follows:

## INTRODUCTION

1. This lawsuit concerns a commercial real property lease for space in the Arcade Building on Olive Street in St. Louis, Missouri. The Arcade Building, which was constructed in 1906 and 1919, is one of the major historic buildings in St. Louis's central business district.

2. After completing significant redevelopment and rehabilitation projects at the Leather Trades and Metropolitan buildings (both of which had been vacant for decades), affiliates of Plaintiff were enticed by the City of St. Louis (the "City") in 2012 to consider a potential redevelopment of the Arcade Building. Redevelopment of the Arcade Building was the City's top priority as it was owned by the City, had been vacant for approximately thirty years and had recently undergone a failed redevelopment effort resulting in many lawsuits.

62433748v1

3. In order to move forward with redevelopment of the Arcade Building (and the $120 million price tag associated with that redevelopment), Plaintiff and its affiliates required, among other things, that the City guaranty and/or locate a credit tenant for certain commercial space in the Arcade Building. The credit tenant located was Webster, the same tenant that has now breached its lease obligations to the Plaintiff and has put Plaintiff in significant financial jeopardy, despite all of Plaintiff's efforts to revitalize downtown at the City's urging.

## PARTIES

4. Plaintiff is a Missouri limited liability limited partnership with a business address located at 2905 Northwest Boulevard, Suite 150, Plymouth, MN 55441. The partners of the Plaintiff are St. Louis Leased Housing Associates Master Tenant V, LLC, a Minnesota limited liability company and St. Louis Leased Housing Associates Master Tenant LP V, LLC a Minnesota limited liability company. The partners of the Plaintiff consist of limited liability and sub-limited liability companies, the ultimate members of which are citizens of Minnesota, Arizona, Florida, Texas and South Dakota. Specifically:

    a. The members of St. Louis Leased Housing Associates Master Tenant V, LLC are:

(i) Dominium Holdings I, LLC, a Minnesota limited liability company whose sole member is Polaris Holdings I, LLC, a Minnesota limited liability company. The members of Polaris Holdings I, LLC are the Paul Sween 2018 – 1 Irrevocable Trust (a South Dakota Trust with South Dakota Trust Company as trustee), the Paul Sween 2018 – 2 Irrevocable Trust (a South Dakota Trust with South Dakota Trust Company as trustee), the Paul Sween 2018 -3 Trust (a South Dakota Trust with South Dakota Trust Company as trustee), Armand Brachman, a Minnesota resident, Mark Moorhouse, a Minnesota resident, Jeff Huggett, a Minnesota resident, Chris Barnes, a Minnesota resident and Dominium SVP Plan, LLC, a Minnesota limited liability company. The members of Dominium SVP Plan, LLC are Armand Brachman, a Minnesota resident, Tim Allen, a Minnesota resident, Brendt Rusten a Florida resident, John Sipes, a Texas resident and PSMM Holdings, LLC, a Minnesota limited liability company (whose members are Mark Moorhouse, a Minnesota resident and Paul Sween, an Arizona resident).

  (ii) Dominium Holdings II, LLC, a Minnesota limited liability company, whose sole member is Dominium Holdings I, LLC, whose sole member, in turn, is Polaris Holdings I, LLC, a Minnesota limited liability company.  The members of Polaris Holdings I, LLC are the Paul Sween 2018 – 1 Irrevocable Trust (a South Dakota Trust with South Dakota Trust Company as trustee), the Paul Sween 2018 – 2 Irrevocable Trust (a South Dakota Trust with South Dakota Trust Company as trustee), the Paul Sween 2018 -3 Trust (a South Dakota Trust with South Dakota Trust Company as trustee), Armand Brachman, a Minnesota resident, Mark Moorhouse, a Minnesota resident, Jeff Huggett, a Minnesota resident, Chris Barnes, a Minnesota resident and Dominium SVP Plan, LLC, a Minnesota limited liability company.  The members of Dominium SVP Plan, LLC are Armand Brachman, a Minnesota resident, Tim Allen, a Minnesota resident, Brendt Rusten a Florida resident, John Sipes, a Texas resident and PSMM Holdings, LLC, a Minnesota limited liability company (whose members are Mark Moorhouse, a Minnesota resident and Paul Sween, an Arizona resident).

  (iii) Polaris Holdings I, LLC, a Minnesota limited liability company.  The members of Polaris Holdings I, LLC are the Paul Sween 2018 – 1 Irrevocable Trust (a South Dakota Trust with South Dakota Trust Company as trustee), the Paul Sween 2018 – 2 Irrevocable Trust (a South Dakota Trust with South Dakota Trust Company as trustee), the Paul Sween 2018 -3 Trust (South Dakota Trust with South Dakota Trust Company as trustee), Armand Brachman, a Minnesota resident, Mark Moorhouse, a Minnesota resident, Jeff Huggett, a Minnesota resident, Chris Barnes, a Minnesota resident and Dominium SVP Plan, LLC, a Minnesota limited liability company.  The members of Dominium SVP Plan, LLC are Armand Brachman, a Minnesota resident, Tim Allen, a Minnesota resident, Brendt Rusten a Florida resident, John Sipes, a Texas resident and PSMM Holdings, LLC, a Minnesota limited liability company (whose members are Mark Moorhouse, a Minnesota resident and Paul Sween, an Arizona resident).

b. The members of St. Louis Leasing Housing Associates Master Tenant LP V, LLC are:

(i) Dominium Holdings I, LLC, a Minnesota limited liability company whose sole member is Polaris Holdings I, LLC, a Minnesota limited liability company.  The members of Polaris Holdings I, LLC are the Paul Sween 2018 – 1 Irrevocable Trust (a South Dakota Trust with South Dakota Trust Company as trustee), the Paul Sween 2018 – 2 Irrevocable Trust (a South Dakota Trust with South Dakota Trust Company as trustee), the Paul Sween 2018 - 3 Trust (a South Dakota Trust with South Dakota Trust Company as trustee), Armand Brachman, a Minnesota resident, Mark Moorhouse, a Minnesota resident, Jeff Huggett, a Minnesota resident, Chris Barnes, a Minnesota resident and Dominium SVP Plan, LLC, a Minnesota limited liability company.  The members of Dominium SVP Plan, LLC are Armand Brachman, a Minnesota resident, Tim Allen, a Minnesota resident, Brendt Rusten a Florida resident, John Sipes, a Texas resident and PSMM Holdings, LLC, a Minnesota limited

liability company (whose members are Mark Moorhouse, a Minnesota resident and Paul Sween, an Arizona resident).

(ii) Dominium Holdings II, LLC, a Minnesota limited liability company, whose sole member is Dominium Holdings I, LLC, whose sole member, in turn, is Polaris Holdings I, LLC, a Minnesota limited liability company. The members of Polaris Holdings I, LLC are the Paul Sween 2018 – 1 Irrevocable Trust (a South Dakota Trust with South Dakota Trust Company as trustee), the Paul Sween 2018 – 2 Irrevocable Trust (a South Dakota Trust with South Dakota Trust Company as trustee), the Paul Sween 2018 -3 Trust (South Dakota Trust with South Dakota Trust Company as trustee), Armand Brachman, a Minnesota resident, Mark Moorhouse, a Minnesota resident, Jeff Huggett, a Minnesota resident, Chris Barnes, a Minnesota resident and Dominium SVP Plan, LLC, a Minnesota limited liability company. The members of Dominium SVP Plan, LLC are Armand Brachman, a Minnesota resident, Tim Allen, a Minnesota resident, Brendt Rusten a Florida resident, John Sipes, a Texas resident and PSMM Holdings, LLC, a Minnesota limited liability company (whose members are Mark Moorhouse, a Minnesota resident and Paul Sween, an Arizona resident).

(iii) Polaris Holdings I, LLC, a Minnesota limited liability company. The members of Polaris Holdings I, LLC are the Paul Sween 2018 – 1 Irrevocable Trust (a South Dakota Trust with South Dakota Trust Company as trustee), the Paul Sween 2018 – 2 Irrevocable Trust (a South Dakota Trust with South Dakota Trust Company as trustee), the Paul Sween 2018 -3 Trust (South Dakota Trust with South Dakota Trust Company as trustee), Armand Brachman, a Minnesota resident, Mark Moorhouse, a Minnesota resident, Jeff Huggett, a Minnesota resident, Chris Barnes, a Minnesota resident and Dominium SVP Plan, LLC, a Minnesota limited liability company. The members of Dominium SVP Plan, LLC are Armand Brachman, a Minnesota resident, Tim Allen, a Minnesota resident, Brendt Rusten a Florida resident, John Sipes, a Texas resident and PSMM Holdings, LLC, a Minnesota limited liability company (whose members are Mark Moorhouse, a Minnesota resident and Paul Sween, an Arizona resident).

5.  Webster is a Missouri nonprofit corporation with a principal place of business located at 470 East Lockwood Avenue, St. Louis, MO 63119.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship. Moreover, the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in this District because Webster is located in this District and a substantial part of the events giving rise to this action took place in this District.

## FACTUAL ALLEGATIONS

8. On or about June 4, 2014, Plaintiff and Webster executed the Arcade Building Office Lease (the "Lease"), a true and correct copy of which is attached hereto as <u>Exhibit A</u> and is incorporated herein by reference.

9. Pursuant to the express terms of the Lease, Plaintiff leased to Webster the Premises, as defined in the Lease. The Premises is comprised of approximately 54,507 rental square feet of space, along with forty underground parking stalls.

10. Pursuant to the express terms of the Lease, Webster agreed to pay, among other things, Rent, as defined in the Lease. Rent is comprised of Annual Base Rent, Additional Rent and all other amounts due Plaintiff under the Lease.

11. Pursuant to the express terms of the Lease, in the event that, among other things, Webster defaults in the payment of any installment of Rent and such default continues for five (5) days after written notice that payment thereof is due, or Webster defaults in the payment of any other sum required to be paid under the Lease and such default continues for ten (10) days after written notice that payment thereof is due, then Plaintiff may treat those as a breach of the Lease and, in addition to all other rights and remedies provided at law or in equity:

   (a)   Landlord may terminate this Lease and the estate created hereby, in which event Landlord may forthwith repossess the Premises and be entitled to recover forthwith, in addition to any other sums or damages for which Tenant may be liable to Landlord as damages, an amount, if any, equal to (i) the cost of all leasing commissions paid by Landlord in connection with this Lease, the cost to Landlord of the leasehold improvements to the Premises, and all other amounts paid to or on behalf of Tenant in connection with Tenant's entry into this Lease and occupancy of the Premises (including without limitation any moving cost allowance, payments on lease(s) assumed by Landlord, payment for preparation of plans, construction documents and the like), including Landlord's interest expense thereon, all amortized on a straight line basis over the Term, (ii) a sum of

          money equal to the then present value of the Rent (using a commercially reasonable discount rate) provided to be paid by Tenant for the balance of the Term; and (iii) all anticipated reasonable expenses of reletting for said period.

    (b)    Landlord may terminate Tenant's right of possession and may repossess the Premises by forcible entry or unlawful detainer suit, by taking peaceful possession or otherwise without terminating this Lease, in which event Landlord may, but shall be under no obligation to, relet the same for the account of Tenant, for such rent and upon such terms as shall be satisfactory to Landlord. For the purpose of such reletting, Landlord is authorized to decorate, repair, remodel or alter the Premises. If Landlord shall fail to relet the Premises, Tenant shall pay to Landlord as damages a sum equal to the then present value (using a commercially reasonable discount rate) of the amount of the Rent reserved in this Lease for the balance of the then-existing Term of this Lease. If the Premises are relet and a sufficient sum shall not be realized from such reletting after paying all of the costs and expenses of all decoration, repairs, remodeling, alterations and additions and the expenses of such reletting to satisfy the Rent provided for in this Lease and the amounts recoverable (including broker's fees) by Landlord from Tenant pursuant to subparagraph (a) of this paragraph, Tenant shall satisfy and pay the same upon demand therefor from time to time. Landlord may file suit to recover any sums falling due from time to time and no suit or recovery of any portion due Landlord hereunder shall be any defense to any subsequent action brought for any amount not theretofore reduced to judgment in favor of Landlord.

    12.    Pursuant to the express terms of the Lease, Webster agreed to pay, upon demand, all of Plaintiff's costs and expenses, including, but not limited to, court costs, witness fees, investigation costs, and the reasonable fees of counsel, incurred by Plaintiff in connection with a breach of the Lease by Webster beyond all notice and cure periods.

    13.    In addition, whenever any installment of Rent has not been received by Plaintiff within five (5) days after the Rent's due date, Plaintiff shall be entitled interest and service charges/late fees.

    14.    By letter dated April 25, 2023, Plaintiff provided Webster with written notice that Webster had not paid, among other things, the full Rent due for the months of January, February, March, and April.  As of August 24, 2023, Webster has continued to fail to pay, among other things, the full Rent due for the months of January, February, March, April, May, June, July and

August. As such, Webster has breached the Lease, and Plaintiff is entitled to pursue all remedies available to it under the Lease and applicable law.

15. As of August 24, 2023, the amount due under the Lease totals well in excess of $75,000, the exact amount to be determined in these proceedings.

## COUNT I
## BREACH OF LEASE

16. Plaintiff restates and realleges the allegations contained in the paragraphs above as though fully set forth herein.

17. Webster is bound by the terms of the Lease and Plaintiff has the right to enforce the Lease.

18. Webster has breached the Lease by, among other things, failing and refusing to pay, among other things, the full Rent due for the months of January 2023, February 2023, March 2023 and April 2023, despite receiving notice months ago.

19. The above-described conduct constitutes a breach of the Lease by Webster, and as a direct and proximate result of Webster's breach of the Lease, Plaintiff has suffered money damages in an amount in excess of $75,000, to be proven in these proceedings, and Plaintiff is entitled to pursue all remedies available under the Lease, at law, equity or under any statute, including but not limited to possession of the Premises.

[DOCUMENT CONTINUED ON NEXT PAGE]

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor and against Webster as follows:

1.	Awarding Plaintiff its damages against Webster in an amount in excess of $75,000, and awarding all other remedies available to Plaintiff under the Lease, at law or equity, including but not limited to possession of the Premises;

2.	Awarding Plaintiff any additional damages which it may suffer from the date of this Complaint through the date of trial, awarding Plaintiff prejudgment interest, awarding Plaintiff judgment for the costs and reasonable attorneys' fees incurred in this action and awarding Plaintiff such other and further relief as the Court deems appropriate

Respectfully submitted,

LATHROP GPM LLP

*/s/ Emily E. Cantwell*
Emily E. Cantwell, #63004MO
ecantwell@lathropgpm.com
7701 Forsyth Boulevard, Suite 500
Clayton, MO 63105
Phone: (314) 613-2800
Fax:    (314) 613-2801

***Attorneys for Plaintiff***